## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| REMEDIOS VALDEPENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-00547-DGK |
| | ) | |
| MIDWEST DIVISION—RPC, LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

This is an action by Plaintiff Remedios Valdepena ("Valdepena") to recover damages for alleged discrimination and retaliation by Defendant Midwest Division—RFC, LLC ("RFC") and Marcella Smith ("Smith") in violation of federal law. Specifically, Valdepena seeks to recover for discrimination based on national origin and race in violation of Title VII and 42 U.S.C. § 1981.

Pending before the Court are: 1) Defendants' "Motion for Leave of Court to File Amended Answer" (Doc. 7); 2) Plaintiff's "Response and Suggestions in Opposition to Defendants' Motion for Leave of Court to File Amended Answer" (Doc. 11); 3) Plaintiff's "Motion to Withdraw Plaintiff's Response and Opposition to Defendant's Motion for Leave of Court to File Amended Answer" (Doc. 21); 4) Plaintiff's "Motion for Remand" (Doc. 12); 5) Plaintiff's "Motion to Withdraw Plaintiff's Motion to Remand" (Doc. 22); 6) Plaintiff's "Motion for Leave to File First Amended Complaint" (Doc. 20); and 7) Defendants' "Suggestions in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint" (Doc. 24).

For the following reasons Defendants' "Motion for Leave of Court to File Amended Answer" is GRANTED. Plaintiff's "Motion to Withdraw Plaintiff's Motion to Remand" is GRANTED. Plaintiff's "Motion for Leave to File First Amended Complaint" is GRANTED. All deadlines in the existing scheduling order are stayed. The parties shall submit a new proposed scheduling order within ten days after the First Amended Complaint has been served.

## Discussion

### A.      Defendants are granted leave to file an amended answer.

Defendants seek leave to amend their Answer to Plaintiff's original petition to correct their response to a single paragraph wherein they have incorrectly stated that Defendant Smith is a citizen of Missouri rather than a citizen of Kansas (Doc. 7). Plaintiff initially filed a "Response and Suggestions in Opposition to Defendant's Motion for Leave of Court to File Amended Answer" but has since sought to withdraw that response. Because Defendants' motion is now unopposed and because the amendment would correct the Answer to reflect an accurate statement of the parties' citizenship, Plaintiff's motion to withdraw opposition and Defendants' motion to amend are granted.

### B.      Plaintiff's motion to withdraw its initial motion to remand is granted.

On June 6, 2011, Plaintiff filed a motion to remand this case to state court arguing that this Court lacked subject matter jurisdiction to hear the case under 28 U.S.C. §§ 1446(c)(4). Plaintiff now seeks to withdraw that motion. Because the Court has subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000, Plaintiff's motion to withdraw is granted.

**C.  Plaintiff's motion for leave to file first amended complaint is granted.**

Plaintiff seeks leave to file her First Amended Complaint, which dismisses her state law claims under the Missouri Human Rights Act and all claims against Defendant Marcella Smith, and asserts new federal claims under Title VII and 42 U.S.C. § 1981. The Federal Rules of Civil Procedure provide that once an answer has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Leave may be denied when there has been "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005). Delay alone, however, "is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Id.*

Plaintiff requests leave to amend her complaint nearly a year after the case was initially filed and with only twelve days remaining to complete discovery. In addition, Plaintiff's amendment seeks to dispose of all her current state law claims and replace them with new and different federal causes of action. Defendants argue that allowing Plaintiff's amendments would unfairly prejudice them absent a change to the Scheduling and Trial Order. The Court agrees.

However, the Court also believes allowing Plaintiff to amend her complaint is in the interest of justice. The Court is not convinced that Plaintiff's proposed amendments represent "undue delay, bad faith, or dilatory motive." Rather, the Court believes that Plaintiff has brought this motion based on recent information that the statue of limitations has run on her state law

claims and on receipt of her right to sue letter from the Equal Employment Opportunity Commission.

In addition, Defendants have consented to Plaintiff's right to amend her complaint coupled with a revision to the scheduling order. Defendants stipulate that "If Plaintiff—and the Court, of course—are agreeable to such a revised scheduling order, Defendants are willing to consent to allowing Plaintiff to file an Amended Complaint in order to avoid an entirely new lawsuit (which Plaintiff has told Defendants she will bring if her motion is denied)" (Doc. 24). The Court is in agreement with Defendants that allowing Plaintiff to file an amended complaint without an amended scheduling order would be prejudicial. That said, the Court finds that the interests of justice require Plaintiff be given leave to amend. It also finds that such an amendment will conserve judicial resources and reduce prejudice to all parties. Accordingly, leave to file a first amended complaint is granted.

**D.    Plaintiff's First Amended Complaint shall be submitted in its August 24, 2011 form.**

In their "Suggestions in Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint," Defendants also argue that Plaintiff's amended complaint, as submitted on July 22, 2011, should not be permitted because it included knowingly false allegations. Defendants maintains that the proposed amended complaint contains numerous allegations that Plaintiff has admitted were untrue in her deposition, including that Plaintiff has been working for RPC for over twenty years and that she requested to be transferred to another position in September 2009. Defendant also argues that Plaintiff's complaint is futile as to her national origin claim under 42 U.S.C. § 1981 because "§ 1981 does not encompass discrimination claims based upon national origin." *Torgerson v. City of Rochester*, 605 F.3d 584, 600 (8th Cir. 2010).

4

Plaintiff has addressed Defendants' concerns in her "Response to Defendant's Suggestions in Opposition of Plaintiff's Motion for Leave of Court to File Amended Petition" (Doc. 25). Specifically, Plaintiff has submitted a revised amended complaint correcting factual errors and "harmonizing the allegations with recent deposition testimony" (Doc. 25). Plaintiff has also clarified the petition to allege her national origin claim under Title VII only and not under § 1981. Accordingly, Plaintiff is granted leave to file her First Amended Complaint in its August, 24, 2011 form.

**E.    Each party shall bear its own attorneys' costs and fees.**

Defendants argue that Plaintiff's withdrawal of her opposition to their motion for leave to amend and her withdrawal of her motion to remand has caused them unnecessary expense. As such, they request attorneys' fees and costs associated with "responding to Plaintiff's frivolous attempts to defeat diversity jurisdiction" (Doc. 24). The Court denies this request. Defendants failed to catch a mistake regarding the citizenship of their own party. Plaintiff should be allowed to oppose this motion and expect Defendants to respond without bearing these costs herself. In addition, the Court does not believe Plaintiff's initial motion to remand was filed in a "frivolous attempt to defeat diversity jurisdiction." Accordingly, Defendants' request for attorneys' fees is denied. Each side will bear its own costs of litigation.

**Conclusion**

For the foregoing reasons Defendants' "Motion for Leave of Court to File Amended Answer" (Doc. 7) is GRANTED; Plaintiff's "Motion to Withdraw Plaintiff's Motion to Remand" (Doc. 22) is GRANTED; and Plaintiff's "Motion for Leave to File First Amended Complaint" (Doc. 20) is GRANTED. Plaintiff shall file her First Amended Complaint on or before December 20. 2011.

All deadlines in the existing scheduling order are stayed. The parties shall submit a new proposed scheduling order within ten days after the First Amended Complaint has been served.

**IT IS SO ORDERED.**

Date:  December 1, 2011          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT